**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT FLORIDA**
**TAMPA DIVISION**

HENRY JONES,

    Plaintiff,

vs.	CASE NO.  8:15-CIV-1574-EAK-JSS

ALTO CONSTRUCTION CO., INC.,

    Defendants
_____/

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

    This cause is before the Court on Defendant Alto Construction Co., Inc.'s (Alto) motion to dismiss complaint (Doc. No. 6) and response thereto (Doc. 7).  The Plaintiff's complaint makes a claim pursuant to the Family Medical Leave Act (FMLA) for interference and retaliation based on his being fired "less than two (2) weeks after disclosing that he had cancer and would require chemotherapy moving forward and would need to take occasional time off for same." (Doc. 1).

**STANDARD OF REVIEW**

    Federal Rule of Civil Procedure 8(a)(2) requires that a plaintiff's complaint set out a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule 12(b)6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and internal quotation marks omitted).

Therefore, to survive a defendant's motion to dismiss, the plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." *Id.* at 1290 (citing *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009)). Then, a court must take any remaining well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (citing *Iqbal*, 129 S. Ct. at 1950)) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).

The defendant urges the Court to dismiss the complaint with prejudice.  The Court finds the complaint to be insufficient in the allegations of facts surrounding his medical situation.  The complaint needs to be fleshed out to include a more comprehensive relating of his medical situation and in particular what information he related to the employer. However, the Court will not grant the motion with prejudice.  The allegations though bare indicate the Plaintiff may have more than enough factual allegations to

survive a motion to dismiss if they are set forth in a more expansive manner. Accordingly, it is

**ORDERED** that the motion to dismiss (Docket No. 6) be **granted** and the Plaintiff shall have up to and including September 23, 2015, in which to file an amended complaint.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 15th day of September, 2015.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record